UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| Plaintiff, | ) |
| | ) Cause No. 2:21-CR-98-PPS-JPK (#15) |
| vs. | ) |
| | ) Hon. Joshua P. Kolar |
| RONNIE ERVIN MAJOR, et al., | ) United States Magistrate Judge |
| | ) |
| Defendants. | ) |

**MOTION FOR TEMPORARY PRETRIAL RELEASE**

NOW COMES the Defendant, Bernard Smith, by his attorney, Allan A. Ackerman, and pursuant to 18 U.S.C. §§ 3142(f), 3142(i), et seq, respectfully moves that this Court enter an order temporarily releasing defendant, pending trial. In support, defendant contends the following:

1.  Pretrial detention is "an exceptional step." See U.S. v. Torres, 929 F.2d 291, 292 (7th Cir. 1991). In Torres, Circuit Judge Easterbrook reversed the rejection of pretrial release while explaining, *inter alia*, that pursuant to 18 U.S.C. § 3142(g)(3)(A), defendant's relationship to his wife and family mean that ... "A person who cares deeply about his spouse and children may be more likely to appear for trial than one who has no family. Refraining from flight keeps the family together longer. Even an imprisoned person can see his family more frequently than does one on the lam." Torres, 929 F.2d at 291-92.

The government has nothing to rebut the direct proposition that Bernard Smith has maintained a long and loving relationship with his wife, Rosland, and

1

the children from their prior unions. Hence, Bernard's relationship with his spouse and family, per Judge Easterbrook, is meaningful concerning release, pending trial.

Concerning danger and risk of flight *vel non*, it is pristine that "new" information bears directly on release, pending trial. Rosland Smith, Bernard's wife of 21 years is about to undergo (or has just undergone) extremely serious surgery (details have been supplied to pretrial services and shared with counsel for the government). Moreover, they have lived in the home they share with his disabled mother-in-law for about a dozen years located in the City of Gary. Bernard maintains that the "new" and totally unexpected medically-related information was shocking and disheartening. That information, *aliunde*, promotes the probability that at least "temporary" pretrial release should be ordered with such conditions satisfactory to this Court.

As things currently stand, Bernard's wife of 21 years, post-surgery will need several weeks of chemotherapy and physical therapy; all of which require Rosland to travel from their home to one or more medical facilities. Rosland not only needs his availability to do almost everything around their home, but she also needs the love and comfort that only a spouse of many years can furnish given the radical nature of Rosland's surgery.

2. Appended to Bernard's Renewed Motion for temporary release, pending trial, are letters endorsing Bernard Smith's character and background which serve to support his temporary pretrial release.

The trio of letters describing some of Bernard's background include Reverend Charles L. Emery, Pastor of the Pilgrim Missionary Baptist Church, Bishop Christopher C. Smith, Sr. Pastor for New Destiny, along with a letter from Karen M. Freeman-Wilson, who has interacted with Bernard for over a decade. The endorsement letters speak for themselves and extol his virtues not only as a preacher but as an individual who participated in the "Gary For Life Program," an initiative designed to reduce crime in the City of Gary.

3.  *Crime of violence vel non.* During Bernard's November 2 and 10, 2021, detention proceedings before the Honorable Magistrate Judge Joshua P. Kolar, the government argued, *inter alia*, that he was a felon in possession of firearms located in the home. Moreover, he was automatically a danger because he was a felon-in-possession of firearms – equating same to possession – equals [a] crime-of-violence. However, the 7th Circuit has squarely rejected the notion that weapon possession by a felon gives rise to a crime of violence; the felon in possession of firearms has not/is not committing a crime of violence. See U.S. v. Radick, 2006 WL 436116 (U.S. Dist. Ct. N.D. Ill., 2/17/06 at *1) (The Seventh Circuit has held that being a felon in possession of a firearm is not a "crime of violence". *Lane*, 262 F.3d at 907; see also *United States v. Singleton*, 182 F.3d 7, 27 (1999); *United States v. Bowers*, 432 F.3d 518, 521 (2005); * * * *United States v. Johnson*, 399 F.3d 1297, 1300 (11th Cir.2005). In *Lane*, the court found that "[m]ost felonies after all are not violent ... and ex-felons have the same motives as lawful possessors of firearms to possess a firearm-self-defense, hunting, gun

collecting, and target practice." *Lane*, 262 F.3d at 906. While a felon in possession of a firearm may be more dangerous than a non-felon in possession, the actual offense of felon in possession is not per se violent. Id.) Accord, U.S. v. Dismuke, 2007 WL 4561105 (U.S. Dist. Ct., E.D. Wis., 12/20/07) at *1 (Finally, defendant states that possessing a firearm as a felon is not a crime of violence under § 3142(f)(1)(A), and his detention is therefore not required under § 3143(a)(2). See *United States v. Johnson*, 399 F.3d 1297 (11th Cir.2005); *United States v. Lane*, 252 F.3d 905 (7th Cir.2001). The government opposes release, believing defendant to be a flight risk.).[1] *Cf.* U.S. v. Bowers, 432 F.3d 518, 524 (3rd Cir. 2005) (Thus, we join the District of Columbia, Seventh, and Eleventh Circuits, and we reject the view of the Second Circuit. Felon in possession does not "involve [ ] a substantial risk" of violence, 18 U.S.C. § 3156(a)(4)(B), and there is not "a direct relationship between the offense and a risk of violence," Singleton, 182 F.3d at 14. This conclusion both reflects the majority view of our sister Circuits and flows naturally from our own jurisprudence. In short, we are unwilling to infer that a felon will use a gun violently merely because he owns it. *Id.* at 524.).[2]

---

[1] U.S. District Judge Lynn Adelman eventually rejected release pending sentencing. The simple reason for citing Dismuke is, again, simply that the felon-in-possession of firearms is not committing [a] crime of violence under U.S.C.A. 7 precedent.

[2] Following the early morning forced entry into the home, federal agents confirmed that Rosland Smith's mother was disabled and occupied a room in the lower level of the Smith home. Further, Rosland possessed the required certifications to possess, conceal and carry firearms in Indiana. Rosland identified three handguns as either hers or probably hers. Another firearm was seized from
*continued on next page*

4.     Magistrate Judge Joshua P. Kolar has heretofore considered reopening detention hearings: ... "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community."

Bernard Smith asseverates that the information concerning his wife's imminent very serious surgery clearly impacts on conditions of temporary pretrial release. This Court considered reopening detention proceedings at the urging of defendants in both U.S. v. Carrington, 2020 WL 2029391 (4/28/2020), and U.S. v. Sumbry, 2020 WL 2092838 (5/1/2020). In Carrington, Magistrate Judge Kolar reconsidered detention *vel non* at the urgings of Ms. Carrington and Mr. Sumbry. In Carrington, this Court considered, *inter alia*, whether Covid-19 mandated temporary release. Carrington at *3. He ultimately determined that given the extremely violent nature of Ms. Carrington's kidnapping charges, blended with her probable release abode failed to furnish persuasive reasons for her pretrial release.

---

underneath a bed in one of the Smith bedrooms. It was in its original box, had never been fired and was/is owned by their daughter, Tuanna N. Smith, who purchased the handgun in 2017 (copy of duplicate receipt for purchase of that handgun attached as exhibit to this filing. It has been reported that the original purchase receipt was in the box that was seized by the government upon the execution of the early morning search warrant at the Smith home).

In U.S. v. Sumbry, 2020 WL 2092838 (5/1/2020), this Court furnished a veritable primer on pretrial release, temporary or otherwise, pursuant to, *inter alia*, 18 U.S.C. §§ 3142(f) and (i). In part, the court rejected Joseph Sumbry's temporary release where Sumbry maintained that COVID-19 mandated temporary release. *Id.* at *3. The reasons supporting COVID-19 temporary release included where Mr. Sumbry indicated he would be residing if granted temporary pretrial release. *Id.* at *4. This Court found that Mr. Sumbry's COVID-19 importunings, failed to satisfy § 3142(f)(2).

However, this Court reminded the government and motivated reader that the government has the preponderance burden concerning both risk of nonappearance, as well as clear and convincing evidence regarding danger to the community. Similarly, concerning § 3142(i) – "the determination of whether to release a defendant under that subsection requires an 'individualized' analysis of the facts of each case." *Id.* at *6 (supporting citations omitted).[3]

---

[3] The government also proffered that Mr. Sumbry's criminal history included, *inter alia*, family violence as well as that there were multiple warrants for his arrest from Georgia, Florida and Texas.

In stark contrast to Mr. Sumbry, Bernard Smith has lived with his wife and family at the same City of Gary address for the last dozen or so years, has been married to his wife for 21 years, and there are no outstanding arrest warrants for Bernard Smith.

5.     **Conclusion:**

WHEREFORE, Bernard Smith, pretrial detainee herein, respectfully moves that this Court enter an order vacating his plenary pretrial detention order and enter its order granting his foregoing motion for temporary pretrial release, under such condition or conditions that this Court deems appropriate to the circumstances as set forth, *supra*.[4]

                                      Respectfully submitted,

| | |
|---|---|
| Allan A. Ackerman | /s/ Allan A. Ackerman |
| Allan A. Ackerman, P.C. | Allan A. Ackerman |
| 19 S. LaSalle Street | |
| Suite 502 | |
| Chicago, IL 60603 | |
| Telephone: (312) 332-2891 | |
| Facsimile: (312) 750-1595 | |
| Email: profaaa@aol.com | |

---

[4] At p. 2 of Bernard Smith's pretrial services report, his military background reflects that he enlisted in the U.S. Army on 11/2/82. However, Bernard joined the U.S. Army in 1979 as part of a delayed entry program. He graduated from Horace Mann High School in 1980. While serving in the U.S. Army, his primary job was operating a U.S. Army tank. Following his honorable discharge he was subsequently diagnosed with PTSD and has been taking V.A. prescription medications and counseling for several years. Again, in contrast to Ms. Carrington and/or Mr. Sumbry, Bernard Smith was honorably discharged form the U.S. Army. Neither Ms. Carrington nor Mr. Sumbry served in the U.S. military.

## CERTIFICATE OF SERVICE

I certify that on February 4, 2022, service of a true and complete copy of the above and foregoing pleading or paper was served upon each party or attorney of record herein by the electronic case filing system (ECF).

By: /s/ Allan A. Ackerman
Allan A. Ackerman

# EXHIBITS TO BERNARD SMITH'S

# 2:21 CR 98 PPS-JPK (#15)

# MOTION FOR TEMPORARY PRETRIAL RELEASE



# Pilgrim Missionary Baptist Church

*Reverend Charles L. Emery, Pastor*
1301 West 21st Avenue • Gary, IN 46407
Tel: 219.944.8161 • Fax: 219.944.3266 • pilgrimdelaney@comcast.net

December 8, 2021

To The Honorable Judge Phillip Simon,

I am writing this letter on behalf of Mr. Bernard Smith. I was both shocked and troubled when I heard of the recent case that Mr. Smith has been accused of. Mr. Smith and I have been FRIENDS for a very very long time. In the time that I have know Mr. Smith he has proven himself to me to be a Loving and Dedicated Husband, Caring Father to his children and grandchildren. It is for this very reason that I know Bernard that I am Happy to write a letter regarding his character. I truly do understand the seriousness of this matter and I do hope and pray that you show leniency towards him during his sentencing.

Bernard Smith has always been an upright member of my Church, Pilgrim M B Church Gary IN. In the years that we have been friends Bernard has Always been there for me whenever I call. He's a Sunday School teacher, Associate Minister and my personal handyman. He made it a point to call and check on me and come by to visit with me weekly when I had my stroke. He was always supportive in the activities of the church and anything that had to do with his family. While Mr. Smith may have made some bad decisions in his past, I know that the person that I have come to respect and love is not the same person that will stand before you during his sentencing. He made sure that his son saw the man that he is now. He was always preaching to his son about going to college and getting a good education. As I write this letter it breaks my heart because to know someone like Bernard and for this to happen at time in his life where he was the most happy and at peace saddens my spirit. I know BERNARD SMITH and this is NOT the same person from 20 years ago.

It is my most sincere prayer that the court takes my letter of character of Bernard Smith during his sentencing and please show leniency towards him. Despite the current case before you, I still believe Mr. Smith to be an honest and upstanding man that has truly changed his life.

Sincerely,

Rev. Charles L. Emery,

Pastor



**BISHOP CHRISTOPHER C. SMITH**
SENIOR PASTOR

December 20, 2021

Dear Honorable Judge Phillip Simon,

My name is Christopher Smith, and I am the senior pastor and Bishop of New Destiny, Inc. We are a Christian, non-denominational church that has been established for over twenty-two years. We currently have three churches located in the cities of Oakland and Pittsburg California. It is my pleasure to write this character reference on the behalf of my brother and friend for over 50 years.

Along the years, I have witnessed Bernard Smith face and overcome many obstacles in his life. As a dear friend and brother, I have seen him make both poor and amazing decisions. One of my proudest moments was having the honor to ordain him as a minister of the Christian faith in 2005. Our ministry in California has had the pleasure of working closely with him as a minister and so have other congregations across this nation. He has volunteered and lent his time, money, and heart to see people overcome their life struggles, just as he has. As a valued member of his community, he has and continues to serve with evangelism teams, outreach ministries, and countless community service programs. Addressing the needs of the hurting, young, parentless, and mature is how he is known to many.

Not only has Bernard Smith been a committed, dedicated, and kind-hearted community member, but he is also humble, compassionate, and generous. Bernard always has a joke or words of encouragement ready to ease the stress, lighten the burden, or uplift the mood. He carries gratitude on his shoulders for the opportunities he has been afforded and is always striving to do better and be an example for his community, family, and self.

Sincerely,

Bishop Christopher Smith

NEW DESTINY
1411 EAST LELAND RD. PITTSBURG, CA 94565
PHONE: 925-439-8989 FAX: 925-439-1985

KAREN FREEMAN-WILSON
475 Garfield Street
Gary, IN 46404

Mr. Allen Ackerman
Attorney at Law
19 South La Salle St. Suite 502
Chicago, Il. 60603

Dear Mr. Ackerman:

I am writing this letter of reference for Bernard Smith. I have known Bernard for over ten years. Over 15 years ago, I handled his adoption of his son, Joshua. As a result of the civil matter, I learned that he was a preacher and someone who wanted to help young people stay out of trouble. He was very forthcoming about his past deeds and his commitment to lead a law abiding life. As a result, he was a very passionate presenter during our "call in" sessions in the Gary for Life program, an initiative that was designed to reduce crime in the city of Gary.

Bernard was also willing to use his talent as a carpenter for good. While it was his chosen vocation, he often did work at a reduced charge to those in need.

I am not familiar with the details of the allegations against him beyond the newspaper. The accounts I have read are in no way consistent with who I know him to be. I also know that his absence from her has resulted in a tremendous hardship to his wife who is a caregiver for her Mother.

Thank you for your attention to this matter.

Sincerely,

Karen M. Freeman-Wilson

# WESTFORTH SPORT SHOP
4704 Roosevelt Street
GARY, INDIANA 46408
(219) 980-0680

| CUSTOMER'S ORDER NO. | PHONE 219-614-5300 | DATE 1-20-2022 |
|---|---|---|

NAME: T'ANNA NICHOLE SMITH
ADDRESS: 232 ELLSWORTH ST.
GARY, IN 46404

| SOLD BY | CASH | C.O.D. | CHARGE | ON ACCT. | MDSE. RET'D. | PAID OUT |
|---|---|---|---|---|---|---|

| QTY. | DESCRIPTION | PRICE | AMOUNT |
|---|---|---|---|
| | DUPLICATE RECEIPT | | N/C |
| | ZASTAVA / CAI PAPM92PV 7.62x39mm | | |
| | # M92PV065915 | | |
| | ORIGINAL DATE OF PURCHASE: 4-18-17 | | |

ALL FIREARM SALES, SPECIAL ORDERS, AND OVERDUE LAYAWAYS FINAL. NO REFUNDS.

TAX
TOTAL

RECEIVED BY

C   PRODUCT 610   All claims and returned goods must be accompanied by this bill.

74647

*Thank You*