UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 2:21 CR 98 PPS |
| | ) | |
| BERNARD SMITH | ) | |
| a/k/a "Flirt," "Preacher" | ) | |

PLEA AGREEMENT

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, come now the United States of America, by its counsel, Clifford D. Johnson, United States Attorney for the Northern District of Indiana, through David J. Nozick, Assistant United States Attorney, and the defendant, Bernard Smith, and Rogelio Dominguez and Susan M. Severtson, as attorneys for the defendant, and show the Court they have entered into a plea agreement as follows:

1. I, Bernard Smith, have the ability to read, write and speak the English language.

2. I have received a copy of the Superseding Indictment and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in this case.

1

3. I have told my lawyer the facts and surrounding circumstances as known to me concerning the matters mentioned in the Superseding Indictment and believe and feel that my lawyer is fully informed as to all such matters. My lawyer has counseled and advised with me as to the nature and elements of every accusation against me and as to any possible defenses I might have.

4. I understand that I am entitled to have all of my rights which may be involved in this matter explained to me, and that I have the right to have any questions I may have answered for me.

5. I understand by pleading guilty I waive certain rights. The rights described below have been explained to me, as well as the consequences of my waiver of these rights:

    a. If I persisted in a plea of not guilty to the charges against me, I would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. I have the right to a jury trial. However, I may waive a jury trial in writing with the approval of the Court and the consent of the government.

    b. If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. My attorney and I would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that a defendant is presumed innocent, and that it could not convict unless,

       after hearing all the evidence, it was persuaded of my guilt beyond a reasonable doubt, and that it was to consider each count of the Superseding Indictment separately.

   c.   If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of my guilt beyond a reasonable doubt.

   d.   At a trial whether by a jury or a judge, the prosecution would be required to present its witnesses and other evidence against me.  I would be able to confront those government witnesses and my attorney would be able to cross-examine them.  In turn, I could present witnesses and other evidence in my own behalf.  If the witnesses for me would not appear voluntarily, I could require their attendance through the subpoena power of the Court.

   e.   At a trial, I would have a privilege against self-incrimination so that I could decline to testify, and no inference of guilt could be drawn from my refusal to testify.  If I desired to do so, I could testify in my own behalf.

   f.   At trial and at every stage of the proceedings, I have a right to an attorney, and if I could not afford an attorney one would be appointed for me.

   g.   In the event that I should be found guilty of the charges against me, I would have the right to appeal my conviction on such charges to a higher court.

6. I understand that under the U.S. Sentencing Guidelines, the Court, in light of an investigation by the United States Probation Office, will determine the applicable sentencing guideline range, and that the Court will determine all matters, whether factual or legal, relevant to the application of

3

the U.S. Sentencing Guidelines. I understand that the U.S. Sentencing Guidelines are advisory only, and that the specific sentence to be imposed upon me will be determined by the judge after a consideration of a pre-sentence investigation report, input from counsel for myself and the government, federal sentencing statutes, and the U.S. Sentencing Guidelines.

7. Notwithstanding the above, I have, with the assistance of counsel, entered into an agreement with the United States Attorney's Office as follows:

    a. I will plead guilty to Count 1 of the Superseding Indictment charging me with Conspiracy to Participate in Racketeering Activity, in violation of Title 18, United States Code, § 1962(d), because I am, in fact, guilty of the offense charged in Count 1;

    b. I understand that the maximum possible penalty that may be imposed upon me for my conviction for the offense charged in Count 1 of the Superseding Indictment is up to twenty (20) years imprisonment, a fine not to exceed $250,000, or a combination of both imprisonment and a fine. I understand that the Court may impose a term of up to three (3) years of supervised release. I also understand that a special assessment of $100 in addition to any other penalty imposed is due and payable prior to my sentencing hearing;

    c. I will also plead guilty to Count 2 of the Superseding Indictment charging me with Conspiracy to Possess with Intent to Distribute and Distribute 500 grams or more of Cocaine, a detectable amount of Marijuana, and a detectable amount of Heroin, in violation of Title 21, United States Code, § 846, because I am, in fact, guilty of the offense charged in Count 2.

d. I understand that the statutory minimum possible penalty that may be imposed upon me for my conviction in Count 2 is a term of incarceration of not less than five (5) years, and that the maximum possible penalty that may be imposed is forty (40) years imprisonment, a fine not to exceed $5,000,000, or a combination of both imprisonment and a fine. I understand that if the Court sentences me to a term of imprisonment, then such term of imprisonment must be followed by a mandatory minimum of supervised release of at least four (4) years. However, the maximum term of supervised release the Court could impose is life. I also understand that a special assessment of $100 in addition to any other penalty imposed is due and payable prior to my sentencing hearing;

e. The United States of America and I have also entered into the following agreements which are not binding upon the Court, and I understand that if the Court does not follow these agreements I will not be allowed to withdraw my guilty plea;

   i. In recognition of my acceptance of responsibility for my offense conduct, I am entitled to a two point and, if eligible, an additional one point reduction in offense level for acceptance of responsibility; however, the government is not obligated to recommend I receive the acceptance of responsibility adjustment if I deny my involvement in the offense, give conflicting statements of my involvement, or engage in additional criminal conduct including any personal use of controlled substances;

   ii. Under U.S.S.G. § 2D1.1(c), the government and I agree with respect to this case that I am responsible for at least 5 kilograms but less than 15 kilograms of cocaine as drug weight relevant conduct;

    iii. Under U.S.S.G. § 2A1.1, the government and I agree that I am responsible for the murder of Rodney Boone as relevant conduct for this offense;

    iv. Under U.S.S.G. § 2A1.3, the government and I agree that I am responsible for the voluntary manslaughter of Erik Walker as relevant conduct for this offense;

    v. I agree to forfeit to the United States voluntarily and immediately all of my right, title, and interest to any and all assets involved in or used to facilitate the charges contained in the Superseding Indictment and which are subject to forfeiture pursuant to 18 U.S.C. Section 1963 and 21 U.S.C. Section 853. I agree, with respect to these assets, to waive all interest in any such asset in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. I agree to consent to the entry of orders of forfeiture for such property and waive the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment;

    vi. I agree not to oppose any administrative or judicial forfeiture action related to Sin City Deciples and/or the conduct described in the Superseding Indictment filed in this case. I knowingly and voluntarily waive my right to any required notice concerning the forfeiture of monies and/or properties being forfeited in this case against any member of the Sin City Deciples. I waive any right to receive any notices or pleadings filed in any forfeiture action related to the conduct described in the Superseding Indictment and acknowledge that a default or final judgment of forfeiture may be entered against my interest without further notice to myself or my attorney;

      vii.    I acknowledge that the forfeiture of assets is part of the sentence that may be imposed in this case and waives my right to be informed of any potential forfeiture at the time my guilty plea is accepted, pursuant to Rule 11(b)(1)(J);

      viii.    I waive all rights to any further notice or right to participate in any ancillary proceeding relating to the Sin City Deciples;

      ix.    I agree to take all steps deemed necessary by the U.S. Attorney to ensure that clear title to any forfeited property item vests in the United States and to facilitate the United States' sale of forfeited property items by, among other things, approving and signing any stipulation for judgment or consent decree of forfeiture and signing all instruments necessary to pass and vest clear title in the United States; and

      x.    The United States of America recommends that the Court should impose a sentence upon me equal to the minimum of the applicable guideline range.

  f.    The United States of America and I have also entered into the following agreement, which is BINDING upon the Court, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and I understand that if the Court does not follow this agreement I will be allowed to withdraw my guilty plea:

      The United States and I agree that, based upon the U.S. Sentencing Guidelines and 18 U.S.C. § 3553, a sentence of no greater than three hundred sixty (360) months imprisonment is a reasonable, fair, and appropriate sentence taking into consideration all circumstances, and that I will be sentenced by the judge to a term of imprisonment of no greater than three hundred sixty (360) months. The United States and I agree that should the court reject this provision of the plea agreement, it will so notify me in open court

7

    and afford me the opportunity to then withdraw my plea of GUILTY. I understand that if I then persist in a GUILTY plea, the disposition of the case may be less favorable than that contemplated by this plea agreement.

 g. I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed. I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement. With this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and all components of my sentence or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground other than a claim of ineffective assistance of counsel, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

 h. I also agree to waive all rights, whether asserted directly or through a representative, to, after sentencing, request or receive from the United States any further records, reports, or documents pertaining to the investigation or prosecution of this matter; this waiver includes, but is not limited to, rights conferred by the Freedom of Information Act and the Privacy Act of 1974.

8. I am prepared to state to the court the facts in this matter that cause me to believe that I am guilty of the count to which I have agreed to plead guilty. These facts include, but are not limited to, the following:

  During the time period charged in the Superseding Indictment, I

  was a member of the Sin City Deciples, an Outlaw Motorcycle Gang, in Northwest Indiana. As a member of the gang, I carried a firearm, attended meetings and functions, and paid dues. These dues went to such things as purchasing firearms for the gang, purchasing narcotics, and putting money on incarcerated members' commissary accounts. I have held leadership positions, including Gary Chapter President and National Board Member. It was reasonably foreseeable to me that in total, during my time in the conspiracy, that my coconspirators and I distributed at least 5 kilograms of cocaine. As a member of the Sin City Deciples, I was also involved in extorting members of other clubs or gangs to make them become supporters of the Sin City Deciples.

  Concerning the murder of Rodney Boone, I admit that on or about August 22, 2003, I was present near 2445 Arthur Street in Gary, Indiana, when I knowingly, intentionally, and with a premeditated design, shot and killed Rodney Boone.

  Concerning the death of Erik Walker, I admit that on or about February 23, 1995, I was present at a particular restaurant on Broadway in Gary, Indiana, when I became involved in a confrontation with Erik Walker. During the confrontation we became involved in a heated argument and each drew our firearms. After Walker cocked his gun and attempted to fire a shot, his weapon clicked demonstrating a round was not loaded. I then fired, killing him. I admit that this action does not rise to the level of self-defense, but does qualify as voluntary manslaughter as I was acting in sudden heat.

9. I understand that if I violate any of the provisions of this plea agreement, including my continuing obligation to demonstrate acceptance of responsibility, the United States may at its option either (1) ask the Court to make a determination that I have breached a term in this agreement in which event I will at sentencing lose the benefit of <u>all</u> the non-binding promises made by the government in this agreement and I would have no right to withdraw

my guilty plea, or (2) The United States could seek to have the Court declare this entire plea agreement null and void, in which event I can then be prosecuted for all criminal offenses that I may have committed.

10. I believe and feel that my lawyer has done all that anyone could do to counsel and assist me, and that I now understand the proceedings in this case against me.

11. I declare that I offer my plea of guilty freely and voluntarily and of my own accord, and no promises have been made to me other than those contained in this agreement, nor have I been threatened in any way by anyone to cause me to plead guilty in accordance with this agreement.

12. I understand and acknowledge that this agreement, once filed with the court, is a public document and available for public viewing.

/s/ *Bernard Smith*
Bernard Smith
Defendant


/s/ *Rogelio Dominguez*
Rogelio Dominguez
Attorney for Defendant


/s/ *Susan M. Severtson*
Susan M. Severtson
Attorney for Defendant


APPROVED:

CLIFFORD D. JOHNSON
UNITED STATES ATTORNEY


By:   /s/ *David J. Nozick*
      David J. Nozick
      Assistant United States Attorney