# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

UNITED STATES OF AMERICA,     )
                                  )
          Plaintiff,           )
                                  )
        v.                )     NO. 2:21CR98-PPS
                                  )
BERNARD SMITH,             )
                                  )
          Defendant.     )

## OPINION AND ORDER

In this multi-defendant gang conspiracy case focused on the Sin City Deciples, an "outlaw" motorcycle club, Bernard Smith entered into a plea agreement under which he pleaded guilty to conspiring to participate in racketeering activity and conspiring to possess with intent to distribute cocaine, marijuana and heroin. [DE 554 at 4.] Smith stipulated in the agreement to his responsibility for at least 5 kilograms but less than 15 kilograms of cocaine as relevant conduct under the United States Sentencing Guidelines. [*Id*. at 5.] Smith also agreed that he is responsible for the murder of Rodney Boone and the voluntary manslaughter of Erik Walker. [*Id*. at 6.] Pursuant to Fed.R.Crim.P. 11(c)(1)(C), the plea agreement provides for a binding sentence of 360 months. [*Id*. at 7.]

Smith appeared before me on June 20, 2023 for a change of plea hearing. [DE 566.] After being advised of his rights and the potential penalties, Smith entered pleas of guilty consistent with the plea agreement. I accepted the pleas and adjudged Smith guilty of Counts 1 and 2, but reserved acceptance of the plea agreement pending my

review of the presentence investigation report.  [*Id.*]  Sentencing did not occur as

originally scheduled on December 14, 2023, however.

On September 18, 2023, then-counsel for Bernard Smith filed a motion to

withdraw his guilty plea, simultaneous with her motion to withdraw from representing

Smith.  That attorney and her co-counsel were permitted to withdraw, substitute

counsel was appointed on September 22  and was granted to November 4 to file a

memorandum in support of the pending motion to withdraw Smith's plea of guilty.

Subsequently four extensions of time have been requested and granted, to December 12,

January 9, January 29, and February 12.   As of this writing, more than three weeks after

the most recent due date, nothing has been filed.

Time is up.  I will address the motion as originally filed.  The applicable legal

standard for withdrawal of a plea of guilty after the court has accepted the plea, but

before sentencing, is found in Fed.R.Crim.P. 11(d), and requires a defendant to show a

"fair and just reason for requesting the withdrawal."  A defendant seeking to withdraw

his guilty plea bears a heavy burden of persuasion.  *United States v. Stapleton*, 56 F.4th

532, 538 (7th Cir. 2022).   Where "no substantial evidence is offered," or the allegations

relied on are "conclusory or unreliable," a motion to withdraw a guilty plea can be

summarily denied.  *United States v. Collins*, 796, F.3d 829, 834 (7th Cir. 2015), quoted in

*United States v. Tovar*, 88 F.4th 720, 723 (7th Cir. 2023).

No "fair and just reason," or anything remotely like one, is given in the pending

motion.  After describing the proceedings in detail for two pages, the motion reports

that "Mr. Smith continued to abide by the terms of the Plea Agreement until the third week of August and thereafter elected not to proceed."  [DE 702 at 3.]  Counsel then met with Smith "several times thereafter to attempt to address any concerns he had," but "Smith insists upon the withdrawal of his guilty plea."  [*Id*.]  The motion candidly acknowledges that Smith "has provided counsel with very little information on his request to withdraw his guilty plea," but has referenced keeping his daughters safe and "messages from jail personnel" (messages not otherwise described or explained), and that he "wishes to address the Court."  [*Id*. at 4.]  Smith requested that the attorneys then representing him seek to withdraw, which they did.

"Three broad reasons... may justify allowing a defendant to withdraw a guilty plea."  *United States v. Kamkarian*, 79 F4tth 889, 892 (7th Cir. 2023).  These are (1) the defendant's innocence, (2) objectively unreasonable performance of counsel leading to the plea of guilty, and (3) that the plea was not knowing and voluntary.  *Id*.  Buyer's remorse is not among them.  The motion before me does not offer reliable evidence of actual innocence or of any circumstances that impugn the validity of the guilty plea or the performance of Smith's counsel.  Because the motion does not provide a fair and just reason for the withdrawal of Smith's guilty plea, the motion will be denied.  Sentencing remains set on April 30, 2024.

ACCORDINGLY:

Defendant Bernard Smith's Motion to Withdraw Guilty Plea [DE 702] is DENIED WITHOUT PREJUDICE.

SO ORDERED.

ENTERED:  March 6, 2024.

 /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT